UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY M. BREWER,

v.  Case No. 3:15-cv-138-J-33JBT
    3: 07-cr-90-J-33JBT

UNITED STATES OF AMERICA.
_____

# O R D E R

This cause is before the Court on Jerry M. Brewer's successive 28 U.S.C. § 2255 motion to vacate, set aside or correct an illegal sentence (hereinafter "motion to vacate" or "motion") (Doc. cv-1; cr-671).  Previously, this Court denied Brewer's motion to vacate in case number 3:13-cv-31-33JBT. (See copy of order denying the motion to vacate attached as exhibit one to this order.)  This Court also denied Brewer's Rule 60(b) motion and declined to issue a COA.  Brewer appealed, and on January 20, 2015, the Eleventh Circuit denied Brewer's motion for a COA in case number 3:13-cv-31-33JBT.

Brewer constructively filed the present motion to vacate on January 26, 2015. A review of the record demonstrates that, for the following reasons, the motion must be **denied as successive.**

## DISCUSSION

Before a federal prisoner may file a second or successive § 2255 motion, he must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to

consider a second or successive petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Because the movant filed a prior § 2255 motion, which was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, the Court is without jurisdiction to entertain this motion as a § 2255 motion. *See, e.g., Boone v. Sec'y Dep't of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004); *Farris v. U.S.*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because this Court does not have jurisdiction to consider Brewer's successive § 2255 motion, Brewer's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-671) is dismissed. The Clerk is directed to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on February 10, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Jerry M. Brewer